UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                     **Hon. Hugh B. Scott**

                                                   15CR148A

v.

                                                   **Order**

ARAFAT M. NAGI,

                Defendant.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 13).

The instant matter before the Court is the defendant's omnibus motion (Docket No. 31) which seeks the following relief: filing of a Bill of Particulars; production of discovery; production of Brady or Giglio material; production of Jencks Act material; identification of informants; and identification of defendant's statements. This motion also sought dismissal of the Indictment and suppression of evidence (id.); these, and defendant's motion for a Bill of Particulars were addressed in a separate Report and Recommendation (Docket No. 37). In that Report, defendant was granted a Bill of Particulars (id. at 17-20).

The Government has filed responding papers (also seeking reciprocal discovery, Docket No. 35, Gov't Response at 27-28), and oral argument was heard on June 9, 2016 (Docket No. 36; see Docket Nos. 33, 34).

**BACKGROUND**

Defendant is charged with two counts of attempting to provide material support and resources to a foreign terrorist organization (or "FTO"), allegedly on two different date ranges from 2012 to July 29, 2015 (Docket No. 12, Indict.).    It is alleged that from November 2012 to August 2014 defendant attempted to provide material support to the Islamic State of Iraq and the Levant ("ISIL" also known as the Islamic State of Iraq and Syria, or "ISIS," hereinafter referred to as "ISIS") by providing himself as personnel.  He allegedly knew that ISIS was designated as a foreign terrorist organization, which had engaged in and was engaging in terror activities as defined in 8 U.S.C. § 1182(a)(3)(B), and had engaged and was engaging in terrorism, as defined in 22 U.S.C. § 2656f(d)(2) (id., Count 1).  Count 2 alleges that defendant attempted to provide material support from early 2015 to July 29, 2015, in violation of 18 U.S.C. § 2339B(a)(1) (id., Count 2).

I.      Discovery

The defendant seeks various items of pretrial discovery (Docket No. 31, Def. Motion ¶¶ 20, 22-60, 61, 62-64, 97), in particular materials not already produced (e.g., id. ¶ 22).  The Government responds that it provided all Rule 16 discovery to defendant that he is entitled to receive, namely his oral statements, his written statements, his prior record, documents and objects, reports of examinations and tests, and expert testimony, Fed. R. Crim. P. 16(a)(1) (Docket No. 35, Gov't Response at 13-14, Exs. A, B, C; see Docket No. 31, Def. Motion ¶ 21), exclusive of

classified materials (to be addressed later before Judge Arcara, Docket No. 35, Gov't Response at 14 n. 6). Regarding co-conspirator's statements (cf. Docket No. 31, Def. Motion ¶ 22), the Government responds that this case is not a conspiracy and, under Rule 16, defendant would not be entitled to co-conspirator's statements (Docket No. 35, Gov't Response at 14-15). Finally, the Government indicated its intention to introduce defendant's statements to Customs and Border Protection officers after his return from Turkey in September 2014 and his statements to Special Agent Haggerty on January 15, 2015, and to Special Agent Amanda Pike on the next day (id. at 27).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

  A. Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 31, Def. Motion ¶¶ 32-35 (federal investigative reports), 36-37 (law enforcement documents), 46-47 (other documents), 48-52 (tapes and photographs), 55-56 (physical evidence), 53-54 (transcripts)). Defendant identifies several specific categories of items which they seek to be produced. He seeks Title III wiretap, pen register and search warrant

applications (id. ¶ 39); the results of that surveillance (id. ¶¶ 38, 40, 41-42); third party documents (id. ¶¶ 43-45)

The Government's response to these specific requests is that the federal and law enforcement documents are beyond the scope of Rule 16, although it has produced materials from defendant's arrest and the search of 151 Olcott (Docket No. 35, Gov't Response at 16).  As for third party documents, defendant has been provided (or could inspect) all documents the Government intends to introduce at trial and, as any more documents are obtained, the Government will disclose (id.), provided that they are not classified (see id. at 14 n.6).  The Government announced that it was not aware of any video or audio recordings of the defendant that it intends to introduce at trial (id. at 16).  Defendant also was not subject to consensual recording or Title III intercepts, thus there are no recordings to be produced (id.).  Transcripts and translations of defendant's Twitter postings have been disclosed and will continue as translations are completed (id. at 17).  Defendant's electronics have been produced and other physical evidence is available for inspection (id.).

B.  Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendant has requested the production of the results of any physical or mental examinations or scientific tests (Docket No. 31, Def. Motion ¶¶ 29-30). The Government has responded that it has provided examinations and tests under Rule 16(a)(1) (Docket No. 35, Gov't Response at 13, 15 (produced forensics on defendant's electronic devices)).

The Court assumes that the Government's production **has satisfied** the defendant's request in this regard.

      C.      Hearsay Evidence

The defendant seeks disclosure of any hearsay evidence intended to be introduced by the Government at trial (Docket No. 31, Def. Motion ¶¶ 24-28). There is no legal or factual basis requiring disclosure of such material in this case. See Green, supra, 144 F.R.D. at 638. Thus, this request is **denied**.

      D.      Witnesses and Co-conspiracy Evidence

Defendant next requests the Government produce, under Federal Rule of Evidence 104, a witness list and discovery of co-conspirators (Docket No. 31, Def. Motion ¶¶ 57-60, 63-64). The Government responds generally that a conspiracy was not charged, hence no discovery from co-conspirators is applicable (see Docket No. 35, Gov't Response at 14-15). The Government objects to producing the witness list as being outside the scope of Rule 16 (id. at 17).

Rule 16 does not require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Although the charges of attempted provision of material support to a foreign terrorist organization is analogous to a conspiracy, it is not a conspiracy itself, cf. United States v. Shah, 474 F. Supp. 2d 492, 493-94 (S.D.N.Y. 2007) (defendants charged with conspiracy to provide material support to a foreign terrorist organization), aff'd sub nom. United States v. Farhane, 634 F.3d 127 (2d Cir.), cert. denied sub nom. Sabir v. United States, 565 U.S. ___, 132 S.Ct. 833 (2011); 18 U.S.C. § 2339B(a) (distinct offenses of attempt and conspiracy to provide material support). Defendant's motion to compel disclosure of witnesses is **denied**.

E.	Identification Procedures

Defendant seeks disclosure of any visual or audio identification procedures utilized in this case; specifying the procedure, the participants and the circumstances; any visual or audible representation of a person or voice used for identification purposes (Docket No. 31, Def. Motion ¶ 31). The Government contends that no identification procedures were used here and Government witnesses familiar with defendant identified him (Docket No. 35, Gov't Response at 16).

The Government's response **is sufficient regarding identification procedures**.

F.	Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendant seeks a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report. The Government responds that it intends to call its electronics forensic expert and provide expert disclosure for that expert (Docket No. 35, Gov't Response at 15, Ex. D). The Government also intends to call an expert on the global jihadi movement and ISIS/ISIL (id. at 15).

These identified experts **suffice**, provided the Government makes the required disclosures (as scheduled in a Final Pretrial Order), as well as any other experts the Government decides to use in this case.

G.	Federal Rules of Evidence 403, 404, and 609 Disclosure

Defendant next requests, pursuant to Federal Rule of Evidence 404(b), the Government disclose all evidence of prior bad acts that the Government intends to use in its case-in-chief (Docket No. 31, Def. Motion ¶ 61). He also requests disclosure of all evidence of prior bad acts

that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rule 609(a).   The Government intends to provide notice under Rules 404(b), 608, and 609, pursuant to Judge Arcara's Final Pretrial Order (Docket No. 35, Gov't Response at 17).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial."   The Government has represented that it will provide all such material to the defendant at the time of the pretrial conference in this case.   This **is sufficient** in this case.

II.     Brady and Giglio Material

The defendant has requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 105 (1979), and their progeny (Docket No. 31, Def. Motion ¶¶ 65-74). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.   Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness."   United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government responds that, while acknowledging its continuing obligations under that case

law, some of defendant's requests do not fall under the Brady/Giglio doctrine (Docket No. 35, Gov't Response at 18).   Giglio material is best produced when Jencks Act material is produced, as scheduled by Judge Arcara in the Final Pretrial Order (id.).   The Government agrees to produce impeachment Brady material, again as scheduled in the Final Pretrial Order (id. at 19).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material.   Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided."   United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex.   Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

III.   Jencks Act

The defendant seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 31, Def. Motion ¶¶ 75-79).   The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses.   Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after

the witness has testified at trial.   In this case, the Government has agreed to disclose this information one week before the commencement of the trial (Docket No. 35, Gov't Response at 20).   The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

IV.   Identity of Informants

The defendant next seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 31, Def. Motion ¶¶ 80-82).   The Government is not required to furnish the identities of informants unless it is essential to the defense.   Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988).   As stated above, Rule 16 does not require the Government to disclose the names of witnesses prior to trial, Bejasa, supra, 904 F.2d at 139.   Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others (see Docket No. 35, Gov't Response at 20-21).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense.   This request is **denied**.

V.   Statements.

Pursuant to Rule 16(a)(1)(A) the defendant seeks any written or oral statements made by him which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government.   He seeks disclosure of statements the Government intends to use against him at trial (Docket No. 31, Def. Motion ¶ 97).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any

9

person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[2]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendants.  To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendants.

VI.     Government's Request for Reciprocal Discovery

The Government cross-moves for reciprocal discovery from defendants (Docket No. 35, Gov't Response at 27-28), without any apparent objection by any defendant.  Under Rule 16, the Government is entitled to production of documents in a defendant's possession that the defendant intends to use in his case-in-chief.  Defendant is reminded of his or her obligations under Rule 16 to produce pursuant to the Government's notice for discovery, therefore, the Government's motion (Docket No. 35, Gov't Response at 27-28) is **granted**.

## CONCLUSION

For the reasons stated above, defendant's omnibus motion (Docket No. 31) is **granted in part, denied in part**, as specified above.  As previously decided (Docket No. 37, Report & Rec. at 17-20), defendant's motion for a Bill of Particulars is **granted in part**.

The Government's motion for reciprocal discovery (Docket No. 35, Gov't Response at 27-28) is also **granted**.

---

[2] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:  Buffalo, New York
        June 28, 2016