UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand sixteen.

PRESENT:
 José A. Cabranes,
 Robert D. Sack,
 Richard C. Wesley,
  *Circuit Judges.*

_____

| | |
|---|---|
| In re Jeremy David Schwartz, | 15-90085-am |
| Attorney. | ORDER OF GRIEVANCE PANEL |

_____

1  Jeremy David Schwartz was admitted to the New York State bar in
2  2005, and to this Court's bar in 2006.  Based on his conduct in several
3  criminal appeals in this Court, we directed Schwartz to show cause why

disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2. Upon due consideration of the conduct described in our prior order (the "Show-Cause Order"), Schwartz's March 2016 response to that order, and the additional matters discussed below, it is hereby ORDERED that Schwartz is PUBLICLY REPRIMANDED and BARRED from representing clients in this Court pursuant to the Criminal Justice Act ("CJA") for a six-month period.

The relevant conduct is detailed in the Show-Cause Order; the text of that order can be found in the appendix to the present order. In the following paragraphs, we primarily focus on the conduct Schwartz has failed to adequately explain and his continuing misconduct.[1]

**I.   *United States v. Caliz*, 13-4755**

In *Caliz*, Schwartz represents defendant-appellant Alexi Caliz in his appeal from a criminal judgment sentencing him to, inter alia, 60 months' imprisonment. Although the appeal commenced in December 2013, and Schwartz's representation in January 2014, Schwartz has yet to either proceed with the appeal (by filing a brief) or terminate the appeal (by moving to withdraw it). Meanwhile, Caliz appears to have

---

[1] Schwartz's response to the Show-Cause Order was untimely filed. However, Schwartz states that the order was not received until after the deadline for his response. *See* Response at ¶ 13. For present purposes, we accept Schwartz's assertion about the date of receipt.

served more than half of his term of imprisonment without resolution of his direct appeal.

Our Show-Cause Order details Schwartz's defaults and his failure to respond to multiple telephone calls through January 2015. While Schwartz states in his response to that order that an unspecified amount of his delay resulted from his need for further information from another attorney and Caliz, *see* Response at ¶ 6, he does not explain why he did not request a stay of the appeal or an extension of time, or contact the Court to discuss the delay or request guidance.

Schwartz also suggests that some of his defaults may have resulted from the Court's use of outdated contact information. *Id.* at ¶ 7. However, many of the Court's communications concerned a February 2014 order that explicitly stated that the appeal would be dismissed if he did not cure a specified default. *See Caliz*, 13-4755, doc. 14. Even if the Court had made no attempt to contact Schwartz, he himself should have been aware of the February 2014 order since he had an obligation to periodically review the docket. *See In re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013) ("As counsel of record, DeMarco also was directly responsible for ensuring his cases were proceeding in due course, even if his employees or the Court failed to inform him of deadlines, Court directives, or other important information. Although counsel of record need not constantly monitor the Court's docket, counsel cannot allow lengthy periods of time to pass without periodic review.").

We further note that Schwartz has not stated when his contact information changed, making it impossible to determine which of the nine telephone messages left for him between April 2014 and January 2015 were delayed or not received due to the outdated contact information. Additionally, while he states that some of the messages were only delayed in reaching him, he does not provide any details about the delays or explain why the delayed messages did not cause him to update his contact information.

Perhaps most egregious is Schwartz's failure to act even after our order in this disciplinary proceeding put him on notice that Caliz's appeal remained in limbo. Although Schwartz states in his March 2016 response to our Show-Cause Order that Caliz "ultimately decided not to go forward with the appeal," Response at ¶ 9, Schwartz has not moved to withdraw the appeal or otherwise contacted the Court. He also has not responded to telephone messages, or to an order, that postdated his response. On May 4 and June 9, 2016, telephone messages were left for Schwartz informing him that a motion or stipulation of dismissal was necessary, and asking for the status. Schwartz did not respond. On July 27, 2016, an order was entered directing Schwartz to file, within 21 days, "either a Local Rule 31.2 scheduling notification proposing a filing date for the brief or a motion to withdraw this appeal that complies with Local Rule 42.2." 2d Cir. 13-4755, doc. 36. Schwartz did not comply. Finally, on August 26, 2016, another telephone message

was left for Schwartz noting his failure to respond to the July 27, 2016 order and instructing him to contact the Court. Schwartz did not do so.

Schwartz's understanding that his client did not wish to proceed with the appeal did not end his obligations to this Court. "[A]n appellant's counsel of record who determines that the appeal will not proceed for any reason is required to inform the Court of the situation and seek to either withdraw the appeal or withdraw as counsel." *In re Aranda*, 789 F.3d 48, 52 (2d Cir. 2015) (internal quotation marks omitted). "[C]ounsel may not end the representation of a client without taking affirmative action, or permit the termination of an appeal by allowing its dismissal for lack of prosecution." *In re Payne*, 707 F.3d 195, 206 (2d Cir. 2013).

**II. Remaining Cases**

In *United States v. Rickard*, 12-4164, Schwartz permitted the time period for requesting rehearing to expire before requesting an extension of time to do so; his extension request was denied. In *United States v. Marandola*, 11-3809, and *United States v. Eldridge*, 09-4205 and 11-5457, Schwartz defaulted on a number of occasions, forcing the Court to make multiple inquiries about the defaults and resulting in orders threatening the dismissal of *Marandola*.

Concerning *Rickard*, Schwartz states that he "was busy with other matters" and wanted additional time to consider whether to move for

rehearing and to discuss the various options with his client. Response at ¶ 10. He also states that, during the relevant time period, he "was engaged in further plea negotiations with the Government," and that he would not have moved for rehearing even if he had been granted an extension of time. *Id.* However, "[a]n attorney who is evaluating whether an appeal should proceed . . . cannot passively allow deadlines in the appeal to expire during that evaluation process." *In re Villanueva*, 633 F. App'x 1, 2 (2d Cir. 2015). If Schwartz had not yet decided whether to move for rehearing, he was required to request an extension of the looming deadline, a stay of the appeal, or advice from the Court. "Simply ignoring the deadline ... [was] not an option." *Payne*, 707 F.3d at 203–04 (discussing attorney who permitted briefing deadlines to expire while awaiting stipulations to withdraw his clients' appeals); *see also In re Yan*, 390 F. App'x 18, 20 (2d Cir. 2010) ("[I]f it is unclear whether a client wishes to proceed, an attorney may, depending on the circumstances, request: an extension of time to file his brief, a stay of the appeal, withdrawal as counsel, withdrawal of the appeal, or advice from the Court. [The attorney's] failure to take any of the preceding actions was a disservice to his clients, this Court, and the public.").

Concerning *Marandola* and *Eldridge*, Schwartz states that the defaults occurred during a very busy period when he worked for another attorney and had little control over the volume of his assignments. He

also states that his present situation is different, as he has increased his staff to ensure compliance with deadlines. *See* Response at ¶¶ 11-12. However, as in *Rickard*, Schwartz could have requested extensions of time in *Marandola* and *Eldridge* with little investment of time, or sought advice from the Court.

Additionally, although Schwartz argues that his clients in *Marandola* and *Eldridge* suffered no prejudice because their appeals were ultimately decided on the merits, *id.*, his defaults exposed them to the risk of severe prejudice, the dismissal of their appeals, s*ee Aranda*, 789 F.3d at 51; *In re DeMell*, 589 F.3d 569, 573 (2d Cir. 2009).

**III. Prior Disciplinary Matter**

In April 2009, a magistrate judge in the United States District Court for the Western District of New York ordered Schwartz to show cause why he should not be disciplined for failing to appear at a scheduled hearing. Schwartz has provided this Court with a copy of the magistrate judge's order to show cause, and a docket sheet entry reflecting, in summary fashion, the magistrate judge's decision not to impose discipline. However, it appears that Schwartz's response to that order to show cause, and the magistrate judge's reasons for not imposing discipline, were only orally discussed at a hearing and never reduced to writing. Schwartz has not described either.

Schwartz does not suggest that he had a legitimate excuse for the conduct at issue in the magistrate judge's order to show cause.

However, we accord no weight to that prior disciplinary proceeding. Although Schwartz should have provided us with at least a summary of his response to the magistrate judge's order, and of the magistrate judge's dispositive decision, it is unlikely that the additional information would alter the result of the present proceeding.

**IV. Mitigating and Aggravating Factors**

Schwartz does not explicitly identify any mitigating circumstances. However, as noted above, he does state that his representation of the appellants in *Marandola* and *Eldridge* occurred while he was "in the midst of working for a very busy practitioner with little control of the volume of [his] assignments." Response at ¶ 12. An attorney's culpability for defaulting on obligations to the Court, and for neglecting his clients' interests, may be mitigated if his employer caused him to engage in the misconduct by, for example, assigning a caseload that could not be handled in timely fashion. *Cf. In re Tustaniwsky*, 758 F.3d 179, 182 (2d Cir. 2014) (stating that attorney's culpability was "somewhat mitigated, to the extent he engaged in the misconduct only because instructed to do so by his employer); *In re Hemlock*, 52 A.D.2d 248, 250-51, 383 N.Y.S.2d 600, 602 (1st Dep't 1976) (finding, in mitigation, that junior partner only acted as an "amanuensis" under the direction of a senior partner "who set firm policy, established fees, and directed the other attorneys in their work").

8

But we see no basis for mitigation in the present case. There is no suggestion that Schwartz, for example, discussed the problem with his employer, resisted additional assignments, requested assistance with his caseload, or resigned once it became plain that his caseload would not permit him to comply with his ethical obligations. *See Tustaniwsky*, 758 F.3d at 183 (finding minimal mitigation where there was no indication that attorney, "for example, discussed the ethics issue with his employer, resisted his employer's instructions in any way, attempted to mitigate the effect of those instructions, sought advice from anyone, or reported the matter to the Court or any bar authority"); *see also* New York Rule of Professional Conduct 5.2(a) ("A lawyer is bound by these Rules notwithstanding that the lawyer acted at the direction of another person"; rule effective as of April 1, 2009); New York Code of Professional Responsibility, Disciplinary Rule 1–104(E) (essentially identical rule; in effect prior to April 1, 2009).

There are at least two significant aggravating factors. First, our order to show cause put Schwartz on notice of the Court's concerns, but he has failed to alter his behavior. He remains in default in *Caliz*, and remains unresponsive to messages and an order of the Court. Although he states in his response that, as of January 2015, he increased his staff, decreased his caseload, and "hired an associate as an independent contractor to ensure that no important messages or work is

missed," Response at ¶¶ 8, 11, 14, those remedial measures have clearly failed.

Second, the fact that Schwartz's misconduct occurred in criminal appeals, where important liberty interests are at stake, also must be considered a significant aggravating factor. *See Aranda*, 789 F.3d at 59.

**V.    Conclusion**

Upon due consideration of the conduct described in our Show-Cause Order, Schwartz's response, and the aggravating factors discussed above, particularly his continuing misconduct, it is hereby ordered that Schwartz is publicly reprimanded and barred from representing clients in this Court pursuant to the CJA for a six-month period.[2]

---

[2] *See In re Castillo*, 645 F. App'x 41 (2d Cir. 2016) (imposing public reprimand and two-year bar on representing litigants in this Court under the CJA, based on, *inter alia*: defaults and failure to respond to Court communications in two criminal appeals; failure to cure a default after it was identified in Grievance Panel's order; and failure to alter behavior after prior private reprimand put him on notice of Court's concerns about his defaults in a prior criminal appeal); *In re Skyers*, 382 F. App'x 11 (2d Cir. 2010) (imposing public reprimand and two-year bar on representing litigants in this Court under the CJA, based on, *inter alia*: defaults in two criminal appeals; failure to respond to multiple inquiries from the Court concerning those cases; failure to properly respond to the Court's order to show cause why he should not be disciplined; and significant reprimand history); *In re Kestenband*, 366 F. App'x 305 (2d Cir. 2010)(same discipline imposed, based on multiple defaults in seven criminal appeals); *In re Kulcsar*, 417 F. App'x 15 (2d Cir. 2011) (imposing six-month suspension, followed by one-year bar on representing litigants in this Court under the CJA, based on, *inter alia*: defaults in a number of criminal appeals, resulting in the dismissal of five of those appeals; failure to respond to numerous Court

It is further ORDERED as follows:

(a) The six-month bar on CJA representation in this Court will commence twenty-eight days from the date of this decision. Schwartz may file any briefs that currently have filing deadlines falling within the next twenty-eight days, and may see through to completion any case in this Court in which his brief has been filed by the end of that twenty-eight day period. However, any panel presiding over a case in which Schwartz is representing a party is free to reconsider his continued representation.

(b) The six-month bar on CJA representation in this Court applies regardless of the court making the CJA appointment. If Schwartz is mistakenly continued as CJA counsel in any case in this Court during that period, he must promptly notify this Court of the need for substitution. The present order does not bar Schwartz from CJA representation of clients in the district courts.

(c) Regarding *Caliz*, Schwartz must do one of the following within 14 days of the date of this order: (1) move to withdraw Caliz's appeal if, in fact, Caliz does not wish to proceed; (2) cure all current defaults, if Caliz wishes to proceed with Schwartz as counsel; or (3) withdraw from the representation, if Caliz wishes to proceed but Schwartz is unable to do so for any reason. Any motion to withdraw the appeal or to withdraw as counsel must comply with this Court's Local Rules.

Failure to comply with any of the above directives will result in the imposition of additional discipline, including the possibility of suspension.

The Clerk of Court is directed to release this decision to the public by posting it on this Court's web site and providing copies to

---

communications; violation of duty of diligence; and violation of CJA rules requiring counsel to continue representation until granted leave to withdraw and prohibiting delegation of tasks to non-employees).

the public in the same manner as all other unpublished decisions of this
Court, and to serve a copy on Schwartz, the attorney disciplinary
committees for the New York State Appellate Division, Fourth Department,
and the United States District Court for the Western District of New
York, and all other courts and jurisdictions to which this Court
distributes disciplinary decisions in the ordinary course.[3]

                                           FOR THE COURT:
                                           Catherine O'Hagan Wolfe, Clerk

---

[3] Counsel to this panel is authorized to provide, upon request, all documents from the record of this proceeding to other attorney disciplinary authorities. While we request that those documents remain confidential to the extent circumstances allow, we of course leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

# APPENDIX : TEXT OF SHOW-CAUSE ORDER

For the reasons that follow, Jeremy David Schwartz is ordered to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2. Schwartz was referred to this panel as a result of his conduct in *United States v. Caliz*, No. 13-4755, *United States v. Rickard*, No. 12-4164, *United States v. Marandola*, No. 11-3809, and *United States v. Eldridge*, No. 09-4205.

In *United States v. Caliz*, No. 13-4755, Schwartz represents defendant-appellant Alexi Caliz in his appeal from a criminal judgment sentencing him to, *inter alia*, 60 months' imprisonment. In February 2014, the Court notified Schwartz that he was in default concerning the filing of this Court's Form B, and threatened dismissal of the appeal if the form was not filed by a set deadline; Schwartz complied with that order, and indicated in the form that he was awaiting the preparation of transcripts for various district court proceedings. *See Caliz*, No. 13-4755, at docs. 14-15. Because the transcripts were not filed within the period provided by Second Circuit Local Rule 11.3(a), Schwartz was required to notify the Court of that fact and to periodically provide a status update. *See* Local Rule 11.3(c). Schwartz failed to do so. After the Court left five telephone messages for Schwartz concerning the missing transcript status updates in April through August 2014, *id.*, at entries 19-22, 24, Schwartz informed the Court in a September 2014 letter that he and his client were "considering whether to go forward or file a notice withdrawing the appeal," and that additional time was needed because his client was out of state, *id.*, at doc. 25. Schwartz did not explain his failure to respond to the Court's telephone messages in a timely manner, but stated that he would advise the Court as soon as a decision was made about proceeding with the appeal. *Id.* Nothing more was heard from Schwartz. In December 2014 and January 2015, the Court left four more telephone messages for Schwartz; the last message stated that he would be referred to the Grievance Panel if a response was not received by January 20, 2015. Schwartz did not respond, and the appeal has not proceeded.

In *United States v. Rickard*, No. 12-4164, Schwartz permitted the time period for requesting rehearing to expire before requesting an extension of time to do so. *See Rickard*, No. 12-4164, at docs. 67, 69, 71. He stated that the press of other business had prevented him from timely requesting rehearing or an extension of time. *Id.* His request was denied. *Id.*, at doc. 75.

In *United States v. Marandola*, No. 11-3809, Schwartz defaulted by failing to timely file two required forms, resulting in orders threatening the dismissal of the appeal. *See Marandola*, No. 11-3809, at docs. 10, 12. Although Schwartz cured both defaults, the second form was filed one day after the deadline set in the relevant default order. *Id.*, at docs. 11, 13. Schwartz also defaulted on his obligation to submit either a transcript status update or scheduling notification. *Id.*, at entry 17 (noting telephone message was left for Schwartz on 3/20/12 concerning status update). The docket reflects that Schwartz did not cure that default until nearly one month later. *Id.*, at doc. 18 (scheduling notification filed 4/16/12).

In *United States v. Eldridge*, No. 09-4205 (later proceedings docketed under 11-5457), Schwartz failed to file several of the required periodic transcript status updates, forcing the Court to telephone him on three occasions to inquire about the updates. *See Eldridge*, No. 09-4205, at entries for 4/14/10, 5/12/10, 6/14/10. In July 2010, based on Schwartz's final transcript status update default, the Court set a briefing deadline *sua sponte*. *Id.*, at entry for 7/6/10.

Schwartz represented Eldridge pursuant to the Criminal Justice Act. *Id.*, at entry for 1/8/10. All four of the above-described appeals were from criminal proceedings in the United States District Court for the Western District of New York.

Finally, we note that the New York State attorney registration web site states that Schwartz's registration expired in January 2015.

[remainder of order omitted]

14